UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



March 12, 2021

Andrew N. Sindler, Esq.
Law Offices of Andrew N. Sindler, LLC
P.O Box 1107
Severna Park, MD 21146

Jennifer H. Stinnette, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

Subject: *Tamika B. v. Saul*
Civil No. GLS 19-3345

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 10, 11). The Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

I.   BACKGROUND

Plaintiff filed a Title II Application for Disability Insurance Benefits and a Title XVI Application for Supplemental Security Income Payments on November 14, 2016, alleging that disability began on November 15, 2015. (Tr. 10, 247-61). This claim was initially denied on February 18, 2017, and upon reconsideration, denied again on September 18, 2017. (Tr. 10, 132-143). Plaintiff's request for a hearing was granted and the hearing was conducted on September 7, 2018, by an Administrative Law Judge ("ALJ"). (Tr. 10). On October 3, 2018, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 10-24). On September 25, 2019, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-6).

*Tamika B. v. Saul*
Civil No. GLS 19-3345
March 12, 2021
Page 2

## II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows:  step one, assesses whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determines whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertains whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's RFC, i.e., the most the claimant could do despite their limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id*. at 180.

Here, the ALJ found that Plaintiff suffered from the following severe impairments: "carpel tunnel syndrome, migraine, asthma, and affective disorder." (Tr. 12). Recognizing those severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work . . . except she can never climb ladders, ropes or scaffolds and can occasionally balance . . . can occasionally finger and feel with the right upper extremity . . . can frequently finger and feel with the left upper extremity . . . can have occasional exposure to extremes of cold and heat, humidity, and fumes, odors, dusts, gases, and poor ventilation . . . must avoid all exposure to hazards . . . can understand, remember and carryout simple instructions . . . [and] is limited to performing simple and routine tasks.

(Tr. 14-15).  At the hearing, a vocational expert ("VE") testified that Plaintiff's past relevant work was as a cashier, prep cook, and fast-food worker. (Tr. 18, 63). The VE ultimately testified that a

hypothetical individual with the same RFC as Plaintiff would not be able to perform work as a cashier, prep cook, or fast-food worker. (Tr. 18, 63-64). However, the ALJ determined Plaintiff was not disabled because she was able to perform other work that exists in significant numbers in the national economy, e.g., as a school bus monitor, counter clerk, or furniture rental clerk. (Tr. 18-19).

### III.  DISCUSSION

On appeal to this Court, Plaintiff argues that: (1) the ALJ committed reversible error by failing to determine at step two of the sequential analysis whether Plaintiff's plaque psoriasis, related psoriatic/rheumatoid arthritis, and obsessive compulsive disorder qualified as severe impairments; (2) the ALJ's step-three analysis was erroneous because the ALJ failed to evaluate whether Plaintiff met Listings 1.02, 11.00 and 12.04; (3) the ALJ improperly concluded that Plaintiff could perform light work as part of her RFC determination; and (4) the ALJ erroneously relied on the vocational expert's testimony. (ECF No. 11-1, pp. 10-17). I find Plaintiff's argument regarding the ALJ's error at step two of the sequential analysis persuasive. Accordingly, I find remand appropriate, for the reasons set forth below.

Plaintiff argues that the ALJ committed reversible error by failing to evaluate whether Plaintiff's plaque psoriasis, related psoriatic/rheumatoid arthritis, and obsessive-compulsive disorder qualified as severe impairments. (ECF No. 10-1, p. 10). Plaintiff contends that because the ALJ entirely failed to mention Plaintiff's plaque psoriasis and obsessive-compulsive disorder, let alone explain "why they were not considered severe or medically determinable impairments," remand is required. (*Id.*). The SSA implicitly acknowledges that the ALJ did not address whether Plaintiff's plaque psoriasis and obsessive-compulsive disorder constituted severe impairments, but counters that Plaintiff has failed to specify any harm that has resulted from the ALJ's omission. (ECF No. 11-1, pp. 4-5). Rather, the SSA contends that Plaintiff did not meet her burden to identify work-related limitations caused by plaque psoriasis and obsessive-compulsive disorder and therefore has not demonstrated that the ALJ's error requires remand. (*Id.*, p. 5).

At step two of the five step sequential analysis set out in the Social Security regulations, an ALJ must determine whether the claimant has an impairment or combination of impairments that is severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). During step two, if an ALJ determines that a claimant has no severe impairments, the claimant is not found disabled and the sequential analysis does not proceed to further steps. *Louise H. v. Comm'r., Soc. Sec. Admin.*, ADC Civ. No. 18-3922, 2019 WL 5309997, at * 5 (D. Md. Oct. 21, 2019); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)). "However, if a claimant does have a severe impairment or combination of impairments, the ALJ must consider the effects of *both the severe and non-severe impairments* at the subsequent steps of the process, including the determination of RFC." *Id.* (emphasis in original) (internal citations omitted). "If the ALJ proceeds to discuss and consider the non-severe impairment at subsequent steps, there is no prejudice to the claimant." *Rivera v. Astrue*, Civ. No. CBD 12-1095, 2013 WL 4507081, at *7 (D. Md. Aug. 22, 2013) (finding ALJ's failure to discuss whether claimant's depression was a severe impairment at step two harmless error, where the ALJ specifically mentioned the claimant's depression in the RFC formulation and

*Tamika B. v. Saul*
Civil No. GLS 19-3345
March 12, 2021
Page 4

included specific mental limitations). But, "[a]n error at step two may require reversal and remand if an ALJ improperly discounts or ignores evidence of the allegedly severe impairment at the other steps of the sequential analysis." *Fountain v. Astrue*, Civ. No. CBD 11-1884, 2013 WL 145873, at *4 (D. Md. Jan. 11, 2013). Thus, "'[e]rroneous findings at step two usually infect the entire decision, since all of a claimant's impairments must be considered at steps three, four, and five.'" *Id.* (alteration in original) (quoting *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 518 (D. Md. 2002)).

*Rivera v. Astrue*, is instructive. In *Rivera*, the ALJ did not find the claimant's depression to be a severe impairment at step two or address why he declined to do so. 2013 WL 4507081, at *7. However, because the ALJ "specifically mentioned the claimant's depression in the RFC formulation and included several specific mental limitations," the court held that "any error in failing to classify [claimant's] depression as severe at step two was harmless." *Id.* Conversely, in *Albert v. Astrue*, Civ. No. CBD 10-2071, 2011 WL 3417109, at *3 (D. Md. July 29, 2011), the court held that the ALJ's failure to make a determination at step two as to whether the claimant's foot injury was a severe impairment constituted reversible error. The *Albert* court explained that remand was necessary because the ALJ's step two error infected the entire decision, where the ALJ failed to provide any analysis of the severity of the claimant's foot injury. *Id.* Similarly, in *Boston v. Barnhart*, 332 F. Supp. 2d 879, 885 (D. Md. 2004), the court held that the ALJ's failure to discuss the claimant's obesity during step two of the sequential analysis constituted reversible error because the ALJ did not explain why she failed to consider obesity an impairment at step two or consider the claimant's obesity during the subsequent steps of the sequential analysis. Thus, *Albert* and *Boston*, stand for the proposition that an ALJ's failure to discuss an impairment — severe or non-severe — at step two requires remand where the ALJ fails to address the impairment at subsequent steps of the sequential analysis.

In this case, at step two of the sequential analysis, the ALJ concluded that the Plaintiff had the following severe impairments: "carpel tunnel syndrome, migraine, asthma, and affective disorder." (Tr. 12). Similar to what occurred in *Albert* and *Boston*, the ALJ here failed to discuss Plaintiff's plaque psoriasis and obsessive-compulsive disorder at step two or any of the subsequent steps of the sequential analysis. Nor did the ALJ explain why she did not consider either as an impairment, whether severe or not severe. *Id.* Because the ALJ's error at step two impacted the ALJ's analysis at subsequent steps of the sequential analysis, the entire decision is thereby erroneous, and requires remand. *See Albert*, 2011 WL 3417109, at *3 ("When a finding is erroneous at step two, it is often the case that the entire decision is thereby erroneous.").

The SSA relies on *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) and *Davis v. Comm'r Soc. Sec. Admin*, Civ. No. SAG 11-2779, 2013 WL 153594 at *2 (D. Md. Jan. 14, 2013). The SSA asserts that these cases stand for the proposition that it was Plaintiff's burden to demonstrate that her plaque psoriasis and obsessive-compulsive disorder were impairments that the ALJ should have included in the RFC assessment; a burden the SSA contends that the Plaintiff did not meet. (ECF No. 11-1, p. 5). However, *Hancock* and *Davis* are inapposite, as neither case involved an ALJ's failure to address a claimant's impairment as step two, or any subsequent step, of the sequential analysis. Although the SSA is correct that these cases support the general

*Tamika B. v. Saul*
Civil No. GLS 19-3345
March 12, 2021
Page 5

proposition that the "burden of producing evidence sufficient to establish the existence of an impairment and its resulting functional limitations rests on the claimant," *Davis*, 2013 WL 153594, at *2, the issue here is not whether the Plaintiff presented sufficient evidence of an impairment. Rather, the issue is the ALJ's failure to acknowledge the existence of Plaintiffs' plaque psoriasis and obsessive-compulsive disorder, regardless of severity, and incorporate those impairments into Plaintiff's RFC determination. This is particularly so where the Plaintiff presented evidence of these impairments during Plaintiff's hearing before the ALJ, i.e., in her Disability Report and outpatient medical treatment records. (Tr. 40-48, 283, 367, 692, 701, 708, 714, 740, 941).

In sum, for the aforementioned reasons, I find that remand is required.

Because this case is being remanded on other grounds, the Court will not address Plaintiff's remaining contentions that: the ALJ' step-three analysis was erroneous; the ALJ improperly concluded that Plaintiff could perform light work as part of her RFC determination; and that the ALJ's reliance on the vocational expert's testimony was erroneous.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 10), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 11), is DENIED. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge